IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

HENRY C. PARRISH,
    Plaintiff,

v.                                         CIVIL ACTION NO. 1:12CV3

BRAND ENERGY SERVICES OF PITTSBURGH,
LLC, doing business as Brand Energy
Infrastructure Services, Inc.,
    Defendant.

## MEMORANDUM OPINION AND REPORT AND RECOMMENDATION

On October 18, 2012 came the Plaintiff, Henry C. Parrish, appearing *pro se* and also came the Defendant, Brand Energy Services of Pittsburgh by its counsel, Robert D. Younger and Larissa C. Dean, for hearing on Defendant's Motion For Sanctions For Failure To Attend Deposition [DE 52] and Plaintiff's Motion To Extend Time [DE 57]. The Court heard arguments and representations of Defendant's counsel, Robert D. Younger and of Plaintiff, Henry C. Parrish, *pro se.* The pending motions are deemed submitted for decision on the pleadings, exhibits, and the in Court arguments and representations.

## I
## Procedural History

Plaintiff filed the within civil action in State Court seeking damages from Defendant Brand Energy Services for alleged racial discrimination in the work place and racially motivated termination of employment in violation of West Virginia Code 5-11-1. The case was removed to this Court on January 4, 2012. Plaintiff later amended his complaint. Defendant filed answers denying liability for the alleged claims in the amended complaint as well as the original complaint. February 2, 2012 THE District Judge entered a Scheduling Order [DE 14]. Pursuant to the scheduling order, the parties were to complete discovery by October 1, 2012, file dispositive motions

by November 5, 2012 and conduct other scheduled matters before the final pretrial conference on April 26, 2012 and the trial on May 20, 2012.

The docket reflects that within a week of the entry of the scheduling order Defendant commenced discovery as follows:

DE 15  2/9/12  Served first set of interrogatories on Plaintiff,

DE 16 2/9/12   Served first request for production of documents on Plaintiff, and

DE 18 2/23/12 Served Rule 26(a)(1) disclosures.

DE 32 7/23/12 Notice of Deposition of Plaintiff

Plaintiff, by his then counsel, also commenced discovery by filing his Rule 26(a) disclosures February 22, 2012 [DE17].

July 24, 2012 Attorney Brooks filed his Motion to Withdraw as counsel for Plaintiff citing conflicts with Plaintiff and contractual disputes. [DE 33]. On the same date, Defendant filed a Motion to Compel IME [DE 34].

By Order of the District Judge dated July 24, 2012 Counsel for Plaintiff was permitted to withdraw from representation and Plaintiff was given 30 days to find new counsel. [DE 37].

Pursuant to an order of referral [DE 36] the undersigned granted Defendant's Motion to Compel IME by Order dated August 14, 2012 [DE 41]. Plaintiff accepted delivery of a copy of that order on August 15, 2012 at his residence: 40 Tunnel Street, Osage WV 26543 [DE 42].

August 20, 2012 Defendant filed its notice of deposition of Plaintiff and served the same on Plaintiff at the same address used by the Court in successfully sending Plaintiff the August 14, 2012 order [DE 43].

On August 29, 2012 Defendant used the same address for serving Plaintiff with Defendant's First Request for Admissions [DE44]. On August 29, 2012 Plaintiff filed Notice of Appearance

changing his address to PO Box 893, Dunbar, West Virginia 25064 [DE 45].

On September 13, 2012 Defendant noticed 6 depositions serving Plaintiff with the Notices at his new Dunbar, WV address. [DE 46, 47, 48, 49, 50 and 51].

On September 20, 2012 Defendant filed and served Defendant's Motion For Sanctions For Failure To Attend Deposition. The motion, seeking sanctions for Plaintiff's failure to appear at his deposition on September 13, 2012, was served on him at his Dunbar, WV address. [DE 52].

October 1, 2012 Plaintiff filed his Motion To Extend Time [DE 57] and apparently served Defendant with interrogatories and requests for production.[1] Plaintiff did not file a certificate of service with the Court and there is no docketed record of Plaintiff filing interrogatories and /or requests for production.

Defendant filed a Response In Opposition To Motion To Extend Time on October 3, 2012 [DE 58].

Pursuant to the Court's order of reference dated July 24, 2012, by Order dated October 5, 2012 [DE 60] the undersigned noticed a hearing/status conference on the pending motions [DE 52 and 57] for October 18, 2012.

## II
## Contentions

**DE 52**
Defendant contends:

1. Plaintiff failed to show for his September 13, 2012 scheduled deposition.

---

[1] In Plaintiff's Motion To Extend Time he states as part of his reasoning for the extension of time: "and allow defendants to response [sic] to Plaintiff's Interrogatories." During the hearing Plaintiff stated he had served Interrogatories and Requests for Production on Defendant sometime between September 29, 2012 and October 1, 2012. Defendant confirms that Plaintiff served interrogatories and production requests and incorporated the same in its response to Plaintiff's Motion To Extend Time.

2. Plaintiff has no justifiable excuse for failing to show up for his scheduled deposition.

3. Defendant is prejudiced by Plaintiff's failure to show up for his scheduled deposition.

Plaintiff contends:

1. He just started working and did not have the money or leave time to appear for his scheduled deposition.

2. He was seeking an attorney to assist him in this case.

3. He had just received notice of the rescheduled deposition.

**DE 57**

Plaintiff contends:

1. He needs 45 more days to get counsel and complete discovery.

2. He wants to take depositions of an unspecified number of and yet unnamed persons.

Defendant contends:

1. Plaintiff did not diligently pursue discovery within the time allowed under the Court's scheduling order and cannot establish good cause for his failure.

2. Plaintiff has had prior experience as a litigant and understands his obligations under the Court's scheduling order.

3. Plaintiff did not comply with L.R.Civ.P. 26.01(c).

<u>**III**</u>
<u>**Discussion**</u>

**A.  Failure To Attend Deposition**

The Court's scheduling order [DE 14] paragraph 5 provides: "All discovery shall be completed by October 1, 2012. 'Completed discovery' as used in Fed.R.Civ.P. 16(b) means that, within the time limits set, all discovery, objections, motions to compel, and all other motions and replies relating to discovery in this civil action have been filed and the party objecting or responding

has had sufficient time under the Federal Rules of Civil Procedure to make responses." "The conduct of any discovery which would require a later time limit shall be permitted only on the order of the Court or by filed stipulation of the parties, and only in cases that will not be delayed for trial thereby." The Court included a footnote "2" stating: "Extension of the discovery deadline does not change the other deadlines set forth herein nor shall it be a basis for seeking extension of those deadlines. In particular, **the deadline for dispositive motions generally cannot be changed without affecting the trial date**." [Emphasis Added]. The order set dispositive motions for November 5, 2012 [paragraph 8] and trial for May 20, 2012 [paragraph 18]. None of these dates have yet been changed by order of the court.

F.R.Civ.P. 16(b)(4) provides that: "[a] schedule may be modified only for good cause and with the judge's consent."

It is undisputed that Plaintiff's deposition was originally scheduled for August 23, 2012 by notice served on Plaintiff's then counsel, John B. Brooks, on July 23, 2012. [DE 52-1, Deposition Ex A]. July 24, 2012 Brooks withdrew as counsel for Plaintiff. On August 17, 2012 counsel for Defendant called and spoke with Parrish to determine if he had secured other counsel, whether or not he intended to appear for the deposition, and whether he was aware of the deposition. It is undisputed that Parrish was aware of the deposition scheduled for August 23, 2012, did not intend on attending it; and did not yet have replacement legal counsel. With this information in hand, it is undisputed that counsel for Defendant made a unilateral decision to cancel the deposition noticed for August 23, 2012 and rescheduled the same for September 13, 2012. Counsel for Defendant wrote a letter to Mr. Parrish advising him of the changed deposition date and mailed it to him at his Osage, WV address on August 17, 2012. [DE 52-1, Deposition Ex D]. On the same date, counsel for Defendant filed and served an Amended Notice Of Deposition formally noticing the deposition

of Henry C. Parrish for September 13, 2012. The Amended Notice was mailed to Parrish at his Osage, WV address. According to the Exhibit, Parish received the letter and the Amended Notice of Deposition. On August 29, 2012 Parrish filed Notice of Appearance whereby he opted to represent himself. [DE 52-1, Deposition Ex F]. On the same date, August 29, 2012, counsel for Defendant sent a letter to Parrish at his newly disclosed Dunbar, WV address enclosing copies of the Requests for Admission and the Amended Notice of Deposition all of which Parrish received on August 31, 2012. [DE 52-1, Deposition Ex G].

September 11, 2012 local counsel for Defendant received a call from someone on behalf of Parrish wanting to reschedule the deposition of September 13, 2012. At the hearing Parrish confirmed the call and identified the caller as his "friend", Eunice Green Thompson.[2] Parrish advised the Court Eunice Green Thompson was a retired lawyer who was helping him and that she had prepared Plaintiff's motion and Plaintiff's response to Defendant's motion.[3] Local counsel would not reschedule because he / she did not know who was calling or what authority from Parrish the person had to make the call and request. Lead counsel for Defendant called the number later on September 11, 2012 and spoke with Parrish. According to counsel for Defendant and confirmed by Parrish, Parrish stated he had just received notice of the deposition, was not prepared to go forward with it that day and offered to do the deposition on September 25th. Counsel for Defendant advised Plaintiff he had a schedule conflict which prevented doing it on the 25th. Plaintiff offered no other

---

[2] Eunice Green Thompson is no longer licensed to practice law. By order of the State of West Virginia Supreme Court of Appeals dated July 8, 2011, the license to practice law of Eunice L. Green was suspended effective August 8, 2011 pending her having complied with mandatory continuing legal education and reporting requirements of the Rules and Regulations of the West Virginia State Bar and the financial penalties or other requirements imposed by the Mandatory Continuing Legal Education Commission through its regulations. There is no record of her having had her license re-instated.

[3] Green Thompson did not sign off on either document.

dates and hung up.

Parrish did not attend his deposition as re-scheduled on September 13, 2012. While at the deposition counsel for Defendant called the number he had used in reaching Parrish on September 11th but was unable to speak to him.

At the hearing Parrish stated he did not attend the deposition because: 1) he did not have counsel and was not prepared; 2) he had just moved and started a new job and could not afford to participate; and 3) he had just received notice of the rescheduled deposition. The evidence is clear from Parrish's statements at the hearing that he had known since July 24, 2012 that Brooks was no longer his counsel and the District Judge had given him a month to find new counsel. The evidence is also clear that since July 24, 2012 Parrish has made no more than three contacts in an effort to find counsel to represent him. During the hearing Parrish represented to the undersigned that he had taken a job in the Dunbar / Charleston area of West Virginia on August 1st 2012 and had been receiving weekly paychecks since. The evidence is clear that he had notice of the rescheduled deposition as early as August 31, 2012. Accordingly, the undersigned finds Parrish's explanations for not attending his deposition on September 13, 2012 are not supported by his hearing representations.

Moreover, even if supported, none of Plaintiff's explanations amount to excusable neglect or good cause. In deciding whether an omission is excusable, "the determination is ... an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer Inv. Servs. Co. V. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395, 113 S.Ct. 1489, 1498 123 L.Ed.2d 74 (1993). Those relevant circumstances include: "[1] the danger of prejudice to the [adverse party] ... , [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the

movant acted in good faith." The determination of whether an omission is excusable is left to the "sound discretion of the district court." Davidson v. Keenan, 740 F.2d 129, 132 (2nd Cir. 1984).

Failure to attend and submit to questioning under oath by counsel for the party you have sued precludes that party's ability to effectively defend itself. Unless the District Judge amends the scheduling order to push back the entire pre-trial work - up of this case 45 days from October 1, 2012, Defendant's ability to know what claims Plaintiff is making and how to respond to them through dispositive motions, disclosures of experts, motions in limine, proposed voir dire and proposed jury instructions is hampered. By the language of the District Judge's own order, a delay of the magnitude necessary to correct Plaintiff's failure to attend the September 13, 2012 rescheduled deposition will impact the filing of the dispositive motions due on November 5, 2012 and will therefor impact the trial date.

The undersigned further finds the delay is in the sole control of Plaintiff. First, Plaintiff had it within his power to appear on September 13, 2012 and submit to the taking of his deposition. Nothing outside of his control prevented him from attending. He represented to the undersigned during the hearing that he was not in the hospital, was not in an accident, did not have a family member who had died and did not have anything happen which prevented him from attending his deposition as scheduled. To the extent Plaintiff was without counsel and unprepared, the undersigned finds this as no excuse because: Plaintiff had since July 24th to find counsel and had only made three inquiries. He did not diligently seek new counsel to assist him in his case. Moreover, the Supreme Court has held: "[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." McNeil v. United States, 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993). Second, Plaintiff had it within his control to work with counsel for Defendant during the telephone call of

September 11, 2012 to suggest and commit to a date or dates other that September 13th or September 25th that were not in conflict with counsel's schedule for the taking of Plaintiff's deposition. He did not do that. Instead, he hung up as if to say "I can't be bothered with this now." The Defendant had absolutely no control over the situation. Moreover, counsel for Defendant acted in good faith by re-scheduling the August deposition when it became apparent Plaintiff would not attend and when he offered to re-schedule the September 13th deposition during the September 11th telephone conversation.

      This is not Plaintiff's first trip to Court in this case over his failure to participate in discovery. Contemporaneous with Attorney Brooks filing his motion to withdraw as counsel for Plaintiff on July 24, 2012 [DE 33] because of "conflict between counsel and Plaintiff in regards to representation of this case, and certain contractual disputes", counsel for Defendant filed Motion To Compel IME [DE 34]. According to the motion Defendant had been in communication with then Plaintiff's counsel to have Plaintiff contact the IME Doctor [Clayman] and schedule the IME since early April 2012. This did not result in Plaintiff scheduling the IME even though Dr. Clayman was willing to work with Plaintiff's schedule. By Order dated August 14, 2012 Defendant's Motion To Compel IME was granted [DE 41]. Although July 31 and August 1 were set as dates for the IME, because of Counsel Brook's withdrawal, "nothing came of the dates." On September 21, 2012 Defendant filed Motion For Leave To Conduct IME out of time complaining: "Due to scheduling conflicts and difficulties with pro se Plaintiff in scheduling conflicts and difficulties with pro se Plaintiff in scheduling all manner of discovery (unreturned telephone calls, Plaintiff's abrupt hang-ups on telephone calls, alleging non-receipt of pleadings by mail, no responses to deposition notices regarding Plaintiff's attendance at depositions, and, on September 20, 2012, Plaintiff leaving the room in the middle of a deposition), the IME is now scheduled for October 10 and 16, 2012." [DE

54, par. 6].[4] By order dated September 25, 2012 [DE 55] the Court granted the motion to conduct the IME outside of the discovery deadline and scheduled the IME for October 10 and 16, 2012. In both Orders compelling the IME, the Court specifically advised Plaintiff of the array of possible sanctions he could face under F.R.Civ.P. 37(b)(2)(A) for failing to provide or permit discovery in accord with an order. In the Court order dated September 25, 2012 the Court advised Plaintiff as follows: "Plaintiff is again advised of the above sanctions the Court may issue, up to and including dismissal of his case, should he continue his noncompliance with this Court's orders, and continue in his failure to cooperate in discovery." [DE 55].

F.R.Civ.P. 37(d) provides the remedies for a "Party's Failure to Attend Its Own Deposition, ...." It reads in pertinent part: (1)(A) "The Court where the action is pending may, on motion order sanctions if: (I) a party ... fails, after being served with proper notice, to appear for that person's deposition;" F.R.Civ.P. 37(d)(3) provides in pertinent part: "Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, ... to pay the reasonable expenses, including attorney's fees, cause by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

From the representations made during the hearing and the filings of record the undersigned concludes Plaintiff was properly notified of his September 13, 2012 rescheduled deposition; he failed to attend and participate in that deposition; his failure is not excusable; and, monetary sanctions are not appropriate due to Plaintiff's claimed limited resources.

Of the sanctions available under F.R.Civ.P. 37(b)(2)(A), only (v) (dismissal of the action in

---

[4]At the hearing counsel for Defendant confirmed Plaintiff made the October 10, scheduled visit with the IME doctor but was unable to confirm that Plaintiff made the October 16, scheduled visit.

whole) provides an appropriate remedy.[5]

B.      **Motion to Extend Discovery 45 days**

For reasons obvious from the forgoing analysis, the undersigned is disposed to recommend denial of Plaintiff's motion to extend discovery and thus the scheduling order.

In addition, prior to filing the motion Plaintiff did not comply with L.R.Civ.P. 26.01 which provides: "The judicial officer shall not consider any discovery motion under this Rule unless it is accompanied by a certification that the moving party has made a reasonable and good-faith effort to reach agreement with counsel or unrepresented parties opposing the further discovery sought by the motion." In this case Plaintiff made no such certification in his motion.

Moreover, he knowingly served Defendant with interrogatories and requests for production on September 29, 2012 in violation of paragraph 5 of the Court's Scheduling Order [DE 14]. There was no way to complete the discovery by the Court ordered October 1, 2012 close of discovery. Plaintiff's motion says as much.

During the hearing in response to the undersigned's inquiry to the effect what would be different 45 days from now if the Court granted the extension, Plaintiff was unable to articulate that he would have counsel, be prepared, have submitted to a deposition or conducted discovery. In short, Plaintiff offers no assurance that the Court would not again be in the same spot it was on October 18th should it grant Plaintiff the requested delay of 45 days. Plaintiff's past performance in this case belies such a turnaround.

---

[5](A)(I) and (ii) are not considered because they are inapplicable under the circumstances of this situation. (A)(iv) is inapplicable because to grant that relief is to grant Plaintiff the delay he is now seeking which is necessitated and born out of his own failure to act. (A)(vii) is not considered for the same reasons monetary sanctions are not considered - contempt fine or other sanctions are not effective to force timely compliance. (A)(iii) and (A)(vi) reach the same result as (A)(v).

# IV
## Recommendation

For the reasons stated herein, the undersigned respectfully recommends that the District Judge **GRANT** Motion For Sanctions For Failure To Attend Deposition [DE 52], dismiss the within civil action in accord with F.R.Civ.P. 37(d) and 37(b)(2)(A)(v), and **DENY** Plaintiff's Motion To Extend Time [DE 57].

Any party may, within fourteen (14) calendar days after being served with a copy of this Memorandum Opinion And Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Memorandum Opinion And Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Memorandum Opinion And Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Memorandum Opinion And Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk for the United States District Court for the Northern District of West Virginia is directed to provide a copy of this Memorandum Opinion And Report and Recommendation to counsel of record and by Certified Mail, Return Receipt Requested, to Plaintiff *pro se.*

Respectfully submitted this 23rd day of October 2012.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE