IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

HENRY C. PARRISH,

       Plaintiff,

v.                   //    CIVIL ACTION NO. 1:12CV3
                          (Judge Keeley)

BRAND ENERGY SERVICES OF PITTSBURGH,
LLC, doing business as Brand Energy
Infrastructure Services, Inc.,

       Defendant.

ORDER ADOPTING REPORT AND RECOMMENDATION
AND DISMISSING CASE WITHOUT PREJUDICE

Pending before the Court is the magistrate judge's Report and Recommendation ("R&R") concerning the civil action filed by Henry C. Parrish. For the reasons that follow, the Court **ADOPTS** the R&R and **DISMISSES** this case **WITHOUT PREJUDICE**.

I.[1]

The plaintiff, Henry C. Parrish ("Parrish"), by counsel, sued his former employer, Brand Energy Services of Pittsburgh, LLC, d/b/a Brand Energy Infrastructure Services, Inc. ("BESP"), in the Circuit Court of Harrison County, West Virginia, on August 25, 2011. In his complaint, Parrish alleged that BESP had terminated him on the basis of his race in violation of the West Virginia

---

[1] The following recitation of the relevant facts and procedural history of this case is derived from the filings on the docket as well as the evidence presented at the October 18, 2012 evidentiary hearing before Magistrate Judge Kaull.

PARRISH v. BRAND ENERGY SERVICES OF PITTSBURGH, LLC          1:12CV3

ORDER ADOPTING REPORT AND RECOMMENDATION
AND DISMISSING CASE WITHOUT PREJUDICE

Human Rights Act, W. Ca. Code § 5-11-1 et seq. On January 4, 2012, BESP timely removed this case pursuant to 28 U.S.C. §§ 1441 and 1446, invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332. (Dkt. No. 36).

After conducting a scheduling conference with the parties, the Court entered a Scheduling Order on February 2, 2012 setting various dates and deadlines to govern this case. (Dkt. No. 14). The Scheduling Order, in pertinent part, set the close of discovery for October 1, 2012, the dispositive motions deadline for November 5, 2012, and a jury trial for the week of May 20, 2013. Id. BESP subsequently filed interrogatories (dkt. no. 15), requests for production (dkt. no. 16), and Rule 26(a)(1) disclosures (dkt. no. 18). Of importance to the matter at hand, on July 23, 2012, it filed and served a Notice of Deposition that scheduled Parrish's deposition for August 23, 2012. (Dkt. No. 32).

Soon after the defendant issued this Notice, on July 24, 2012, the plaintiff's attorney, John B. Brooks ("Brooks"), filed a motion to withdraw as counsel, based on what he characterized as a "conflict" with Parrish, as well as "certain contractual disputes." (Dkt. No. 33). The motion stated that Parrish intended to secure a new attorney "in the very near future" and requested the Court's indulgence as to any requests by future counsel for adjustments to

2

PARRISH v. BRAND ENERGY SERVICES OF PITTSBURGH, LLC          1:12CV3

ORDER ADOPTING REPORT AND RECOMMENDATION
AND DISMISSING CASE WITHOUT PREJUDICE

the Scheduling Order. Id. On July 25, 2012, the Court entered an Order granting Brooks' motion to withdraw and directing Parrish to obtain counsel within thirty (30) days, i.e., by August 25, 2012. (Dkt. No. 37).

Notably, on the same day that Brooks filed his motion to withdraw, BESP filed a motion to compel an Independent Medical Examination ("IME") of Parrish (dkt. no. 34), reporting that, although it had been attempting to schedule an IME since April of 2012, the plaintiff, through counsel, had yet to make any effort to schedule an appointment. Id. at 2. Pursuant 28 U.S.C. §§ 636(b)(1)(A), (b)(1)(B) and L.R. Civ. P. 7.02(c), the Court referred this and all non-dispositive pre-trial motions in this matter to United States Magistrate Judge John S. Kaull. (Dkt. No. 36).

On August 14, 2012, Magistrate Judge Kaull granted BESP's motion to compel and ordered Parrish to submit to an IME on or before September 10, 2012. (Dkt. No. 41). Taking note of the plaintiff's recent - although purportedly temporary - pro se status, the magistrate judge also explicitly warned Parrish that, if he failed to adhere to any of the Court's discovery orders, he would be subject to all of the available sanctions under Fed. R. Civ. P. 37(b)(2)(A), including "dismiss[al]" of his case. Id. at 2-

3

PARRISH v. BRAND ENERGY SERVICES OF PITTSBURGH, LLC         1:12CV3

ORDER ADOPTING REPORT AND RECOMMENDATION
AND DISMISSING CASE WITHOUT PREJUDICE

3. Parrish signed for and accepted a certified copy of this Order on August 15, 2012, at the address identified on the docket as his residence: 40 Tunnel Street, Osage, WV 26543. (Dkt. No. 42).

On August 17, 2012, lead counsel for BESP, Robert D. Younger ("Younger"), telephoned Parrish, who was still proceeding pro se, to determine whether he intended to proceed with his upcoming deposition on August 23, 2012. (Dkt. No. 63 at 5). Parrish advised Younger that he was still looking for counsel and that he did not intend to appear at his deposition. Id. After telling Younger that his future lawyer, once obtained, would be in contact, Parrish hung up the phone. (Dkt. No. 52-1 at 3). Younger consequently decided to cancel Parrish's deposition and to reschedule it for September 13, 2012. (Dkt. No. 63 at 5). Accordingly, on August 17, 2012, the same day on which he had spoken to Parrish on the telephone, Younger mailed a letter to Parrish at his Osage address detailing this scheduling change. Id. Three days later, on August 20, 2012, he served an Amended Notice of Deposition on Parrish at that same address. Id.

More than a week after BESP filed and served the Amended Notice of Deposition, on August 29, 2012, Parrish filed a pro se Notice of Appearance advising the Court that he was financially unable to obtain legal counsel and would therefore represent

4

PARRISH v. BRAND ENERGY SERVICES OF PITTSBURGH, LLC          1:12CV3

ORDER ADOPTING REPORT AND RECOMMENDATION
AND DISMISSING CASE WITHOUT PREJUDICE

himself pro se. (Dkt. No. 45). The Notice further requested that "all further correspondence" be sent to him at a new address: PO Box 893, Dunbar, WV 25064. Id. That same day, counsel for BESP sent a certified letter containing the Amended Notice of Deposition to Parrish's new address. (Dkt. No. 63); (Dkt. No. 52-1 at 20-22). The records of the United States Postal Service ("USPS") reflect that Parrish received the letter, and thus the Amended Notice of Deposition, on August 31, 2012. (Dkt. No. 52-1 at 20-22).

On September 11, 2012, two days before the scheduled date of the deposition, local counsel for BESP received a telephone call from Parrish's "friend," Eunice Green Thompson ("Thompson"), who is an unlicensed and non-practicing attorney. Ms. Thompson attempted to reschedule Parrish's deposition on his behalf. (Dkt. No. 63 at 6). Local counsel, however, advised Thompson that they would not work with an unauthorized, non-attorney representative, and gave her a cell phone number with directions for Parrish himself to contact Younger "at any time." (Dkt. No. 52-1 at 2-3).

Later that same day, Younger called Parrish, who confirmed that Thompson had given him both the phone number and the message. (Dkt. No. 63 at 6); (Dkt. No. 52-1 at 3). Parrish then advised Younger that he had "just" received the Amended Notice of Deposition, was not prepared to go forward, and wanted it to be

5

PARRISH v. BRAND ENERGY SERVICES OF PITTSBURGH, LLC        1:12CV3

ORDER ADOPTING REPORT AND RECOMMENDATION
AND DISMISSING CASE WITHOUT PREJUDICE

moved to September 25, 2012, three business days before the close
of discovery. (Dkt. No. 63 at 6). Younger told Parrish that he had
a scheduling conflict on September 25, 2012, and that, given the
imminent close of discovery, he could not agree to postpone the
deposition without a workable alternative date. (Dkt. No. 52-1 at
2). Parrish, rather abruptly, then hung up the phone. Id. at 7.

On September 13, 2012 Parrish did not attend his duly noticed September 13, 2012
deposition. Although Younger called Parrish at the same telephone
number he had successfully used only days before, Parrish did not
pick up the call, and did not otherwise respond to Younger's calls
or voicemail messages. Subsequently, on September 20, 2012, BESP
filed the pending motion for sanctions, arguing that Parrish's case
should be dismissed for his failure to attend the properly noticed
deposition or otherwise cooperate with discovery. (Dkt. No. 52).

On September 21, 2012, the day after BESP filed its motion for
sanctions, it also filed a motion to conduct the IME after the
close of discovery. (Dkt. No. 54 at 2). BESP alleged that it had
been unable to schedule the IME prior to the discovery completion
deadline, as contemplated in Judge Kaull's original Order, because
of

> scheduling conflicts and difficulties with pro se
> Plaintiff in scheduling all manner of discovery
> (unreturned telephone calls, Plaintiff's abrupt hang-ups

6

PARRISH v. BRAND ENERGY SERVICES OF PITTSBURGH, LLC          1:12CV3

ORDER ADOPTING REPORT AND RECOMMENDATION
AND DISMISSING CASE WITHOUT PREJUDICE

> on telephone calls, alleging non-receipt of pleadings by
> mail, no responses to deposition notices regarding
> Plaintiff's attendance at depositions, and, on September
> 20, 2012, Plaintiff leaving the room in the middle of a
> deposition).

Id. Magistrate Judge Kaull granted the motion on September 25, 2012, again explicitly advising Parrish of the sanctions available under Fed. R. Civ. P. 37(b)(2), "up to and including dismissal of his case, should he continue his noncompliance with this Court's orders, and continue in his failure to cooperate in discovery." (Dkt. No. 55 at 1, 2).

On October 1, 2012, the last day of discovery, Parrish filed the pending motion for an extension of the discovery deadline, requesting that the Court "extend the time for Discovery for a period of forty-five days" to "allow defendants to response [sic] to Plaintiff's interrogatories," which he had apparently served either that day or a few days before. (Dkt. No. 57). The motion contained no explanation for his failure to timely serve the interrogatories. Id.

Magistrate Judge Kaull conducted an evidentiary hearing on the pending discovery motions on October 18, 2012. After considering the submissions of the parties as well as the testimony of both Parrish and counsel for BESP, pursuant to Fed. R. Civ. P. 37, he determined that Parrish's dilatory conduct and uncooperative

7

PARRISH v. BRAND ENERGY SERVICES OF PITTSBURGH, LLC        1:12CV3

ORDER ADOPTING REPORT AND RECOMMENDATION
AND DISMISSING CASE WITHOUT PREJUDICE

posture warranted the sanction of dismissal. Accordingly, on October 23, 2012, he issued an R&R recommending that (1) BESP's motion for sanctions be granted; (2) Parrish's complaint be dismissed pursuant to Fed. R. Civ. P. 37(d) and 37(b)(2)(A)(v); and (3) Parrish's motion to extend the discovery completion deadline be denied. (Dkt. No. 63).

Parrish filed objections to the R&R on November 5, 2012, challenging the magistrate judge's recommendation to dismiss his claims. (Dkt. No. 67). BESP, in turn, filed a response in support of the R&R on November 9, 2012. (Dkt. No. 68). After conducting a through, de novo review of the issues raised, the Court, for the reasons that follow, finds that Parrish's objections are without merit.

## II.

District courts have the authority to dismiss cases under Fed. R. Civ. P. 37(b)(2)(A) when a party fails to comply with a discovery order, as well as under Fed. R. Civ. P. 37(d) and 41(b) as part of the courts' "comprehensive arsenal of Federal Rules and statutes to protect themselves from abuse." Chambers v. NASCO, Inc., 501 U.S. 32, 62 (1991). Rule 37(b) provides that the court may "dismiss[] the action or proceeding in whole or in part" if a

PARRISH v. BRAND ENERGY SERVICES OF PITTSBURGH, LLC          1:12CV3

### ORDER ADOPTING REPORT AND RECOMMENDATION
### AND DISMISSING CASE WITHOUT PREJUDICE

party "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A)(v). Likewise, Rule 37(d) provides that the Court may order sanctions, up to and including dismissal, if "a party . . . fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i), (d)(3).

The Fourth Circuit Court of Appeals has directed district courts to consider four factors in deciding whether to impose the sanction of dismissal when a party fails to comply with a discovery order. Belk v. Charlotte Mecklenburg Bd. of Educ., 269 F.3d 305, 348 (4th Cir. 2001) (citing Anderson v. Foundation for Advancement, Educ. & Employment of Am. Indians, 155 F.3d 500, 504 (4th Cir. 1998)). These factors include: (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions. Belk, 269 F.3d at 348; see also Mutual Federal Savings & Loan Association v. Richards & Associates, 872 F.2d 88, 92 (4th Cir. 1988).

### III.

9

PARRISH v. BRAND ENERGY SERVICES OF PITTSBURGH, LLC          1:12CV3

ORDER ADOPTING REPORT AND RECOMMENDATION
AND DISMISSING CASE WITHOUT PREJUDICE

Although Parrish, as a pro se plaintiff, is entitled to "some deference from the courts," he is nevertheless "subject to the time requirements and respect for court orders without which effective judicial administration would be impossible." Ballard v. Carlson, 882 F.2d 93, 96 (4th Cir. 1989); see also McDonald v. Head Criminal Ct. Supervisor Officer, 850 F.2d 121, 124 (2d Cir. 1988) ("[W]hile pro se litigants may in general deserve more lenient treatment than those represented by counsel, all litigants, including pro ses, have an obligation to comply with court orders."). The Court therefore turns to the four factors identified by the Fourth Circuit in order to determine whether Parrish's conduct warrants the sanction of dismissal. See Belk, 269 F.3d at 348.

**A.**

The first factor is the plaintiff's bad faith. The Court agrees with Magistrate Judge Kaull's finding that Parrish unjustifiably failed to attend his September 13, 2012 deposition. Specifically, Parrish's explanations for his failure to attend find no support in either his testimony or the evidence of record. In his objections to the R&R, Parrish repeats his arguments that (1) he did not receive the Amended Notice of Deposition until "just before" it was scheduled to take place on September 13, 2012, as

10

PARRISH v. BRAND ENERGY SERVICES OF PITTSBURGH, LLC        1:12CV3

ORDER ADOPTING REPORT AND RECOMMENDATION
AND DISMISSING CASE WITHOUT PREJUDICE

the Osage address "belong[s] to his friend," and "he personally" did not receive the Amended Notice, first served on August 20, 2012, until much later; (2) he did not have enough money to drive to Morgantown, where the deposition was scheduled to take place; (3) he was still working on obtaining legal representation; and (4) he had cooperated with counsel for the defendant in an attempt to select an alternative date. (Dkt. No. 67 at 1-2). These arguments, however, are contradicted by the evidence of record.

First, it is undisputed that "Henry Parrish" signed a certified mail receipt at the Osage address on August 16, 2012, a mere four days before the defendant served the Amended Notice to that same address. (Dkt. No. 42 at 1). It is also undisputed that the defendant sent a second copy of the Amended Notice via certified mail to Parrish's newly-disclosed Dunbar address on August 29, 2012. According to USPS records, that Amended Notice was retrieved on August 31, 2012. (Dkt. No. 52-1 at 20-22). Contrary to Parrish's allegations, then, it appears that he received the Amended Notice on or before August 31, 2012.

As for Parrish's argument that he could not afford the gas to travel to Morgantown, the magistrate judge found that this excuse was contradicted by the fact that he had been receiving weekly paychecks from his job in the Dunbar/Charleston area since August

11

PARRISH v. BRAND ENERGY SERVICES OF PITTSBURGH, LLC          1:12CV3

### ORDER ADOPTING REPORT AND RECOMMENDATION
### AND DISMISSING CASE WITHOUT PREJUDICE

1, 2012. (Dkt. No. 63). Parrish himself, moreover, admitted at the evidentiary hearing that, on September 11, 2012, Younger had offered to move the September 13, 2012 deposition to Charleston in order to accommodate Parrish's financial concerns. (Dkt. No. 67 at 1-2). This proffered excuse is thus disingenuous.

To the extent Parrish also argues that he did not attend the deposition because he did not have counsel, the Court agrees with the magistrate judge that this, too, is not a valid excuse. Magistrate Judge Kaull found that Parrish "did not diligently seek new counsel" after Brooks withdrew on July 24, 2012. (Dkt. No. 63 at 8). Indeed, Parrish explicitly elected to proceed without counsel when he filed a pro se Notice of Appearance on August 29, 2012. (Dkt. No. 45 at 1). He did not, however, seek to move any of the deadlines in this case until October 1, 2012, the date the discovery period closed. Even then, he only sought more time to serve his own interrogatories. In short, Parrish was aware of the relevant deadlines and that he would not - and indeed has not to date - be able to obtain counsel to assist him with this case. As Judge Kaull specifically warned him on August 14, 2012, his pro se status did not excuse him from participating in discovery or adhering to the Court's orders. (Dkt. No. 41).

12

PARRISH v. BRAND ENERGY SERVICES OF PITTSBURGH, LLC        1:12CV3

## ORDER ADOPTING REPORT AND RECOMMENDATION
## AND DISMISSING CASE WITHOUT PREJUDICE

Finally, for what appears to be the first time, Parrish argues in his objections that he had offered the "week" of September 25, 2012 to Younger for possible deposition dates. Again, however, this allegation is directly contradicted by the representations both he and Younger made at the evidentiary hearing. As Magistrate Judge Kaull found, the defendant, as an accommodation to Parrish, had already rescheduled the deposition once. Parrish had at least two weeks notice of the rescheduled deposition, if not more, but nevertheless waited until two days before the relevant date to advise Younger he would not attend. He offered no valid excuse for his nonattendance, and instead proposed a single alternative date. When he learned that Younger had a conflict with his desired time, he elected to simply hang up the phone. His actions were both dismissive of his discovery obligations and displayed an unwillingness to cooperate with the defendant's counsel to reach a mutually agreeable solution.

In sum, Magistrate Judge Kaull, who observed Parrish and evaluated his testimony, was unimpressed by his credibility, attitude, and level of candor with the Court. The Court thus concludes that Parrish, as he willfully and unjustifiably failed to cooperate with the defendant or his September 13, 2012 deposition, has acted in bad faith.

13

PARRISH v. BRAND ENERGY SERVICES OF PITTSBURGH, LLC        1:12CV3

ORDER ADOPTING REPORT AND RECOMMENDATION
AND DISMISSING CASE WITHOUT PREJUDICE

**B.**

Pursuant to the second factor, the prejudice caused to BESP, it is clear that Parrish's actions have prejudiced BESP's ability to conduct discovery and evaluate the merits of the claims against it in a timely manner. The evidence it sought in its deposition request goes to the heart of the claims in this case; it cannot reasonably be disputed that Parrish's failure to submit to a deposition has hampered, if not precluded, BESP from preparing its defense. See, e.g., Middlebrooks v. Sebelius, No. 04-2792, 2009 WL 2514111, at *3 (D. Md. Aug. 13, 2009). Further, Parrish's noncompliance with discovery throughout this case has forced BESP to file a motion to compel, a motion for sanctions, and a motion to conduct discovery out of time. (Dkt. Nos. 34, 52, and 54). It has thus suffered additional prejudice in the form of added attorney's fees, expenses, aggravation and delay.

**C.**

The third factor concerns the need to deter this particular type of noncompliance. The plaintiff's refusal to appear for his own deposition and subsequent lack of candor before Magistrate Judge Kaull have inhibited the just and speedy resolution of this dispute. The Court thus concludes that the dismissal of this case

PARRISH v. BRAND ENERGY SERVICES OF PITTSBURGH, LLC          1:12CV3

ORDER ADOPTING REPORT AND RECOMMENDATION
AND DISMISSING CASE WITHOUT PREJUDICE

will "deter those who might be tempted to such conduct in the absence of such a deterrent." <u>Nat'l Hockey League v. Metro. Hockey Club, Inc.</u>, 427 U.S. 639, 643, (1976).


**D.**

As for the fourth factor, the effectiveness of lesser sanctions than dismissal, Magistrate Judge Kaull determined that the other sanctions listed in Fed. R. Civ. P. 37 are either inapplicable to the present situation, undesirable because they will give Parrish the relief he seeks (i.e., a stay of this case), or ineffective because they involve monetary sanctions that he cannot pay. Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii). The Court agrees. As the magistrate judge did not specifically identify whether this dismissal should be with or without prejudice, however, the Court turns to that question now.

Here, Parrish's bad faith disregard of his discovery obligations undoubtedly warrants sanction, but the fact that his counsel withdrew with mere weeks left in the discovery period and shortly before the sanctionable activity occurred cannot be ignored. Furthermore, although he was uncooperative with counsel for BESP, he did not flagrantly disobey a direct order of the

15

PARRISH v. BRAND ENERGY SERVICES OF PITTSBURGH, LLC          1:12CV3

ORDER ADOPTING REPORT AND RECOMMENDATION
AND DISMISSING CASE WITHOUT PREJUDICE

Court. Finally, although warned that his case could be dismissed if he failed to cooperate, Parrish was never explicitly and clearly warned that his case may be dismissed <u>with prejudice</u>. <u>See</u> <u>Sadler v. Dimensions Health Corp.</u>, 178 F.R.D. 56, 59-60 (D. Md. 1998) (noting that "district courts must precede dismissal with an 'explicit and clear' threat to a party that failure to meet certain conditions could result in dismissal of the party's case with prejudice"); <u>see also</u> <u>Hathcock v. Navistar Int'l Transp. Corp.</u>, 53 F.3d 36, 40 (4th Cir. 1995) (emphasizing the significant of warning a noncomplying party "before entering such a harsh sanction").

In sum, after careful consideration of the relevant factors, and in light of the "strong policy that cases be decided on the merits," <u>United States v. Shaffer Equipment Co.</u>, 11 F.3d 450, 462 (4th Cir. 1993), the Court finds that dismissal <u>without</u> prejudice to the plaintiff's right to re-file is the appropriate sanction in this case.

**IV.**

For the reasons discussed, the Court:

1.     **ADOPTS** the Report and Recommendation (dkt. no. 63);

2.     **GRANTS** the defendant's Motion for Sanctions (dkt. no. 52);

16

**PARRISH v. BRAND ENERGY SERVICES OF PITTSBURGH, LLC**          **1:12CV3**

**ORDER ADOPTING REPORT AND RECOMMENDATION**
**AND DISMISSING CASE WITHOUT PREJUDICE**

3.   **DISMISSES** this case **WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 37(d) and 37(b)(2)(A)(v); and

4.   **ORDERS** that this case be **STRICKEN** from the docket of this Court.

It is so **ORDERED**.

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the <u>pro</u> <u>se</u> plaintiff, certified mail, return receipt requested.

Dated: January 17, 2013

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

17